UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/02/2026

GREATER NEW YORK MUTUAL INSURANCE
COMPANY,

                     Plaintiff,

        -v-

UNITED STATES LIABILITY INSURANCE
COMPANY,

                    Defendant.

------------------------------------------------------------------------X

24-cv-3633 (LJL)

ORDER

LEWIS J. LIMAN, United States District Judge:

By Opinion and Order of March 25, 2026, the Court granted Plaintiff Greater New York Mutual Insurance Company ("Greater New York") summary judgment on its first, third and fourth claims for relief in its complaint and granted Defendant United States Liability Insurance Company ("USLIC") summary judgment with respect to Greater New York's second claim. Dkt. No. 43. Greater New York and USLIC now have each filed competing proposed judgments. Dkt. Nos. 45, 47.

Greater New York seeks a judgment that would reflect that "USLIC owes a duty to defend Abeken in the Underlying Action as an additional insured," that the "coverage owed by USLIC to Abeken under the USLIC Policy is primary and noncontributory to the coverage owed by [Greater New York] to Abeken," that "USLIC is obligated to reimburse [Greater New York] for defense costs incurred in defending Abeken in the Underlying Act from the date of [Greater New York's] tender of Abeken's defense to USLI[C] on June 20, 2022, forward," that "[Greater New York] is entitled to recover from USLIC the sum of $59,195.05 for defense costs [Greater

New York] incurred" and that "USLIC owes no duty under the USLIC to indemnify Abeken as an additional insured under the UCLIC Policy in the Underlying Action." Dkt. No. 47-1.

USLIC seeks a judgment that would provide that "USLIC owed a duty to defend Abeken in the Underlying Action as an additional insured," that the "coverage owed by USLIC to Abeken . . . is primary and noncontributory to the coverage owed by [Greater New York] to Abeken," that "USLIC is obligated to reimburse [Greater New York] for defense costs incurred in defending Abeken in the Underlying Action from the date of [Greater New York's] tender of Abeken's defense to USLI[C] on June 20, 2022 through March 25, 2026", that "[Greater New York] is entitled to recover from USLIC the sum of $59,195.05 for the defense costs incurred in defending Abeken in the Underlying Action from June 20, 2022 through March 25, 2026", and that "USLIC owes no duty under the USLIC Policy to indemnify Abeken in the Underlying Action and that USLIC's duty under the USLIC Policy to defend Abeken in the Underlying Action terminated as of March 25, 2026." Dkt. No. 45-1.

The difference in the two forms of judgment is primarily that Greater New York would have the Court adjudge that USLIC is obligated to defend Abeken on a primary basis going forward indefinitely while USLIC would have the Court adjudge that the duty to defend terminated as of the date of the Court's summary judgment decision. The parties do not dispute the sum of fees of $59,195.05.

A judgment should reflect no more and no less than the relief that the parties have requested and that the Court has granted. *Dudley ex rel. Est. of Patton v. Penn-Am. Ins. Co.*, 313 F.3d 662, 670 (2d Cir. 2002) (Sotomayor, J., concurring) (judgment "must be a self-contained document, saying who has won and what relief has been awarded"); *Villoldo v. Castro Ruz*, 821 F.3d 196, 204 (1st Cir. 2016) ("[T]he judgment should be self-sufficient, complete, and describe

the parties and the relief to which the party is entitled" (internal quotation marks and citation omitted)); *United Auto Workers Loc. 259 Soc. Sec. Dep't v. Metro Auto Ctr.*, 501 F.3d 283, 287 (3d Cir. 2007) (judgment "must be self-contained and separate from the opinion . . . must note the relief granted; and . . . must omit (or at least substantially omit) the District Court's reasons for disposing of the parties' claims" (internal quotation marks and citation omitted)).  The Court granted summary judgment for Greater New York on its first, third, and fourth claims and for USLIC on Greater New York's second claim.  Greater New York's first claim sought a declaratory judgment that the liability alleged in the Underlying Action falls within the scope of defense coverage available to Abeken under the USLIC Policy; that the allegations in the Underlying Action are not excluded from defense coverage; that all conditions precedent to defense coverage as related to Abeken are met; and that the USLIC Policy applies on a primary basis for the defense coverage available to Abeken in connection with the Underlying Action with the Greater New York Policy applying in excess of the USLIC Policy.  Dkt. No. 1-1 ¶¶ 27–31.  The third cause of action sought reimbursement and alleged that "USLI[C] is liable to pay damages in the form of all defense-related costs and expenses that [Greater New York] has paid on behalf of Abeken in connection with the [Underlying Action], from the date of initial tender to present, plus interest."  *Id.* ¶ 49.  The fourth cause of action asserted a claim for equitable contribution and claimed that "Greater New York is entitled to, and USLI[C] is liable for, equitable contribution from USLI[C] with respect to USLI[C]'s equitable share of all defense-related costs and expenses that have been or will be incurred on behalf of Abeken in connection with the [Underlying Action]."  *Id.* ¶ 53.  The second cause of action sought a declaratory judgment with respect to the duty to indemnify.  *Id.* ¶¶ 35–44.  At no point did Greater New York seek a declaratory judgment that USLIC was obligated to defend Abeken going forward,

no matter what.  At no point either did USLIC seek affirmative relief terminating its duty to defend as of the date of a summary judgment decision.

The judgment thus should reflect the relief requested and that the Court granted.  Nothing more and nothing less.  It should reflect that judgment is awarded to Greater New York on its first, third and fourth causes of action and for USLIC on Greater New York's second cause of action.  It should also contain the declaration that Greater New York requested and that the Court concluded it was entitled to: USLIC owes a duty to defend Abeken in the Underlying Action as an additional insured, the coverage owed by USLIC to Abeken is primary and noncontributory to the coverage owed by Greater New York to Abeken, USLIC is obligated to reimburse Greater New York for defense costs incurred in defending Abeken in the Underlying Action from the date of Greater New York's tender of Abeken's defense to USLIC on June 20, 2022 through March 25, 2026.  It should also reflect that judgment is granted to Greater New York in the sum of $59,195.05, representing the defense costs incurred in defending Abeken in the Underlying Action from June 20, 2022 through March 25, 2026.  Further, it should reflect that judgment is granted to USLIC on Greater New York's second claim for relief alleging that USLIC owes a duty under the USLIC Policy to indemnify Abeken in the Underlying Action.

The judgment will not reflect either that the duty to defend has terminated or that it continues.  Greater New York did not ask for a declaration that the duty to defend would extend into the future without any possibility of events occurring that would terminate that duty.  USLIC did not ask for affirmative relief at all, much less for a declaration that the duty to defend would terminate at the date of the resolution of this lawsuit.

The parties are directed to meet and confer and file a proposed judgment consistent with this Order.  Each side preserves its right to argue that the judgment should reflect what it has submitted in connection with the proposed competing judgments addressed by this Order.


        SO ORDERED.


Dated: July 2, 2026
        New York, New York                          LEWIS J. LIMAN
                                                United States District Judge